**TRUSTEES OF DOVER COMMON SCHOOL DIST. NO. 66 v. DAWSON INDEPENDENT SCHOOL DIST.** (No. 8372.)

(Court of Civil Appeals of Texas. Dallas. July 3, 1920.)

**1. Schools and school districts ⊗⇒30—Fixing boundary lines between districts held for jury.**

In suit between two districts to fix their boundary line, evidence *held* to make the case one for the jury.

**2. Schools and school districts ⊗⇒30—Evidence as to boundary line held improperly excluded.**

In suit between two districts to fix their boundary line, evidence as to the correct location of such line *held* improperly excluded.

Error from District Court, Navarro County; H. B. Daviss, Judge.

Suit by the trustees of Dover common school district No. 66 against Dawson independent school district. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Callicutt & Johnson and Dexter Hamilton, all of Corsicana, for plaintiff in error.

Richard Mays, of Corsicana, for defendant in error.

---

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

RAINEY, C. J.  This suit was brought by plaintiffs in error against defendants in error to fix the boundary line between the two districts, alleging that defendant in error was encroaching upon and claiming a part of the territory of plaintiffs in error and usurping authority to collect taxes due plaintiffs in error, rendering plaintiffs in error less able to pay its bonded indebtedness; that it is seeking "to appropriate a portion of it for the purpose of collecting taxes thereon; and that on or about the 2d day of May, 1917, Dawson independent school district took steps to extend its boundaries and had certain documents placed of record in the deed records of Navarro county, Tex., by which a pretended and fraudulent claim to much more of Dover school district territory than previously attempted was being made, and that the field notes of the pretended extension of the boundaries of the Dawson school district were false and not field notes of a survey actually made and as filed do not and cannot inclose or include any certain or fixed territory."

"The defendant answered by general demurrer and general denial and by certain special exceptions, and further denied that its corporate existence is void, but alleged that, if for any reason it should be incorporated, it would be attacked only by quo warranto proceedings.  Defendant specially denied the allegations of a false survey and false certificate, and denied that it had maintained a fictitious boundary line that was unsurveyed, and alleged that all the people living in the territory which had been annexed to Dawson independent school district had been given notice of the election determining whether Dawson independent school district should be incorporated, and that the people within the territory described generally voted in the election with knowledge or the means of acquiring knowledge of the boundaries.  Defendant further answered that the land for which the suit is brought by the plaintiff is lawfully a part of the territory of defendant.  It is further alleged in denial that the defendant has for several years been lawfully collecting taxes upon land within defendant district; and denied that it was lawfully collecting any taxes on the land within the boundaries of plaintiff district.  It was specially denied that no actual survey of defendant district was originally made, and it was alleged that the territory claimed by plaintiff was lawfully within plaintiff district."

Plaintiff in error filed a supplemental petition, alleging that defendants in error's claim to the land was high-handed and unlawful, and asked for an injunction, etc., and that the residents of said district would be deprived of schools by reason of the distance from the school, etc.

[1] The court instructed the jury to find a verdict for defendants in error, which was done, from which this writ of error was taken.

This peremptory charge of the court is assigned as error by plaintiffs in error. This assignment is well taken, for the testimony is not of such a conclusive nature as justified a peremptory charge for the defendants in error.  Certain facts were testified to in reference to the Dawson independent school district including territory of the Dover common school district, which, if true, raised an issue as to its right to assume jurisdiction, which should have been determined by a verdict of the jury, and the court did wrong in assuming such facts true, and it did wrong in taking them from the jury.

As we understand it, the object of the election of the Dawson independent school district in May, 1917, was to consolidate with Liberty Hill school district, and was not to include a part of the Dover school district. If this be true, at least the evidence raised the issue and same should have been submitted to the jury.

The testimony of C. E. Lee, as well as other witnesses, raised the issue as to the boundary line between the Dawson district and Dover district as to the location of said line, which should have gone to the jury.

There was testimony of other witnesses which tended to show that certain surveys were located south of the Dawson line and within the Dover district, and that taxes were paid just as situated in the Dawson and just as situated in the Dover.

As to location of line between the Liberty Hill and Dover districts, J. H. Mince testified that he helped run it, and that it is the south line, ran north of Mr. Norris' house. In other words, his testimony raises an issue as to the location of said line; that also nobody was living south of that extending east and west north of the Norris place; that he swore to the field notes in the petition which was presented to the Dawson school board.  All this testimony required the case to be submitted to the jury.

There is no testimony in the record that any survey of the Dawson district was ever made including the Lee Onstott tract of land.

[2] Various assignments relate to the exclusion of testimony of witness R. D. Wright, who was asked the following questions:

"Where did you recognize the southern boundary line of the Liberty Hill district to be with reference to the B. F. Norris property?"

"Did you know where the boundary line of the Liberty Hill district was recognized to be by the trustees of the Liberty Hill district?"

He would have answered that the southern boundary line was recognized by the trustees to be the northern boundary line of the Onstott, B. F. Norris, and H. E. Wimbish tracts of land.

"How did you ascertain where the southern boundary line of the Liberty Hill district was in connection with your taking the corners?"

"When you were taking the corners, whether or not you ever enrolled any children as scholastic in the Liberty Hill district south of the line running east and west along the north boundary line of the Wimbish tract of land?"

Witness would have answered that he did not, for the reason that such a line was regarded and considered and held to be the southern boundary line of Liberty Hill school district. The witness had theretofore shown that he was one of the trustees of said Liberty Hill school district, and it was his duty to know the extent and boundary lines of it, and therefore qualified to testify thereto. Therefore the court erred in excluding such testimony.

The tenth and eleventh assignments of error are:

"(10) The court erred ·in sustaining defendant's objection to the following question asked the witness J. H. Mince by plaintiff on direct examination: 'Do you know what was recognized, while you were trustee of the Liberty Hill district, by the Liberty Hill district's trustees as the southern line of the district, that is on the ground?' If. the witness had been permitted to answer, he would have answered, 'Yes,' and would have further stated that the north boundary line of the Onstott, the Norris, and the Wimbish tracts was recognized as being the south boundary line of the Liberty Hill district.

"(11) The court erred in sustaining the defendant's objection to the following question asked the witness, J. H. Mince, on direct examination by the plaintiff: 'During the time you were trustee, did the Liberty Hill district make any claim to any territory south of the north line of the Norris farm?' If the witness had been permitted to answer he would have answered, 'No.'"

This testimony pertained to the boundary line of the Liberty Hill school district and was pertinent to defendants in error's case and should have been considered for what it was worth.

The court erred in the respects pointed out, and said judgment is reversed and cause remanded.

Reversed and remanded.

HAMILTON, J., not sitting.